Ronald G. Gabler, Esq. (SBN. 57061)
Arg1211@aol.com
Of Counsel for TRAVERSE LEGAL, PLC
16830 Ventura Boulevard, Suite 358
Encino, California 91436-1707
Tel: (818) 783-2932
Fax: (818) 783-3257

Enrico C. Schaefer (*Pro Hac Vice* Application Pending)
Enrico.schaefer@traverselegal.com
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, Michigan 49684
Tel.: (231) 932-0411
Fax: (231) 932-0636

*Attorneys for Defendants Zilker Ventures, LLC and ChooseWhat.com, LLC*

FILED
CLERK, U.S. DISTRICT COURT
DEC 23 2008
11:24
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., a Delaware Corporation, AND CALL SCIENCES, INC., a Delaware Corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>ZILKER VENTURES, LLC, a Texas Limited Liability Company, and CHOOSEWHAT.COM, LLC, a Texas Limited Liability Company,<br><br>Defendants/Counter-Plaintiffs. | Case No. 2:08-cv-07470-SJO AJW<br><br>**COUNTERCLAIM FOR DECLARATORY JUDGMENT**<br><br>**RELIANCE ON JURY TRIAL** |

Counter-Plaintiffs Zilker Ventures, LLC and ChooseWhat.com, LLC brings these Counterclaims against Counter-Defendants j2 Global Communications and Call Sciences, Inc. pursuant to Fed. R.Civ.P. 7(a)(3) and 13 for a declaratory judgment and state as follows:

## THE PARTIES

1. Counter-Plaintiff Zilker Ventures, LLC ("Zilker") is a Texas limited liability company having a principal place of business at 401 Congress Ave., Suite 1540, Austin, Texas 78701.

2. Counter-Plaintiff ChooseWhat.com, LLC ("ChooseWhat") is a Texas limited liability company having a principal place of business at 401 Congress Ave., Suite 1540, Austin, Texas 78701.

3. Counter-Defendant j2 Global Communications, Inc. ("j2 Global") is a Delaware corporation having a principal place of business at 6922 Hollywood Blvd., 5th Floor, Los Angeles, California 90028.

4. Counter-Defendant Call Sciences, Inc. ("Call Sciences") is a Delaware corporation having its principal place of business at 706 Green Bay Road, Suite 7, Glencoe, Illinois 60022. Call Science is a wholly owned subsidiary of j2 Global.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this cause of action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks/service marks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. This Court has personal jurisdiction over j2 Global because j2 Global conducts substantial business in the State of California and within this district.

7. This Court has personal jurisdiction over Call Science conducts substantial business in the State of California and within this district.

8. Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b) and 1391(c).

9. An actual case or controversy has arisen between the parties. j2 Global and Call Science's Complaint as Civil Action No. 2:08-cv-07470-SJO

(AJWx) alleges that Counter-Plaintiff's use of "EFAX" constitutes trademark infringement and other related claims under the Lanham Act and California state statutory and common laws.

## GENERAL ALLEGATIONS

A.  **Counter-Plaintiffs' Business and Use of "EFAX"**

10. Counter-Plaintiff Zilker provides comparison services of electronic fax service providers. Plaintiffs provide its services at faxcompare.com.

11. Counter-Plaintiff ChooseWhat is subject to allegations of inappropriate use of the word 'EFAX' by Counter-Defendants and/or as acting in an agency relationship with Counter-Plaintiff Zilker.

12. Counter-Plaintiffs' consumer information services are free of charge and provide factual information concerning certain plan features of certain online services, such as monthly fees, hidden fees, start up fees, free trial periods and related service features. Counter-Defendants provide "Vendor Reviews" which list "Pros" and "Cons" of each listed service.

13. Generally, Counter-Plaintiff Zilker uses "EFAX" in three ways: (1) as the name to identify the Counter-Defendants and their products on its website; and (2) as a keyword which is searched by consumers who commonly recognize it as an abbreviation for electronic facsimile; and (3) in the header and text of its online advertisements to describe electronic or internet fax services.

14. Counter-Plaintiff Zilker provides a link to each service provider compared on its websites, including Counter-Defendants, so that consumers may obtain further information or sign-up for a particular service. Some of the service providers compared on Counter-Defendants' websites pay Counter-Defendants a referral fee for consumers that click the hyperlink to that vendor's website and/or purchases their services. For example, Counter-Defendant j2 Global pays Counter-Plaintiffs for click-throughs from faxcompare.com for its RapidFax service.

15. Counter-Plaintiff Zilker bids on "EFAX" as a keyword in its Google advertising campaign as that word is used in its generic and descriptive sense by internet users to signify "electronic fax" or "electronic facsimile."

16. As part of this online advertising, Counter-Plaintiffs use the generic and descriptive word "EFAX" in the header and text of its Google advertisements to describe electronic or internet fax services. As the example below illustrates, Counter-Plaintiffs use "E Fax" to describe the services offered by those compared on Counter-Plaintiffs fax-compare.com website.

> Compare E Fax Services
> View a Comparison Chart of all
> E Fax Services and Sign Up for One.
> www.Fax-Compare.com

**B. The Present Dispute Regarding Counter-Plaintiffs' Use of "EFAX"**

17. As set forth above, on November 12, 2008, j2 Global and Call Science brought suit in this Court, in part relying upon their alleged trademark rights in "EFAX."

18. j2 Global and Call Science alleged six causes of action, including in relevant part, trademark infringement in violation of the Lanham Act pursuant to 15 U.S.C. § 1125(a)(1)(A) and unfair competition/false or misleading advertising in violation of the Lanham Act pursuant to 15 U.S.C. § 1125(a)(1)(B).

19. j2 Global and Call Science allege in their Complaint: "As a result of Plaintiffs' efforts, the public has come to recognize and rely upon the eFax® . . . mark[] as an indication of the high quality associated with Plaintiffs' internet faxing . . . ."

20. As support for their claims, j2 Global and Call Science rely upon several filings with the United States Patent and Trademark Office. In doing so, j2 Global and Call Science erroneously denote their mark as "eFax®" in their Complaint, as well as in commerce on their website, despite the fact that they do

not possess a trademark registration on either the Principal or Supplemental Register of the USPTO for such a mark.

**1. Supplemental Registration No. 1,786,350 and Application Serial No. 75/656,348 for the Mark "E-FAX"**

21.  j2 Global claims ownership of Supplemental Registration No. 1,786,350 for "E-FAX" with the USPTO for use in connection with "electronic information receipt and distribution services, electronic transmission services in the nature of a facsimile mail service, a facsimile broadcasting service, a facsimile response bulletin board, and a public facsimile network" in International Class 038. A company called E-Fax Communications, Inc. filed for the mark on July 13, 1992 and was based on its alleged use of the mark in connection with those services on or before April 00, 1989. The mark was registered on the Supplemental Register on August 3, 1993.

22.  Because j2 Global's Registration No. 1,786,350 for "E-FAX" is on the Supplemental Register, as opposed to the Principal Register, j2 Global is not entitled to, among other things, a presumption of the validity of the registered mark, of ownership of the mark, or of an exclusive right to use the mark in commerce.

23.  The Supplemental Registration No. 1,786,350 for "E-FAX" mark was alledeldy assigned to EFAX.COM, Inc. on August 16, 1999. Upon information and belief, j2 Global may not rely upon said assignment because the goodwill of the E-FAX Communications, Inc. business connected to the "E-FAX" mark was not assigned. Thus, said assignment was invalid.

24.  On July 29, 2003, pursuant to Section 9 of the Act of July 5, 1946, EFAX.COM, Inc., through its attorney, filed a Combined Application for Renewal of Registration and Section 8 Declaration. Despite its declaration, upon information and belief, j2 Global is not using the "EFAX" mark in commerce in connection with all the services listed in the registration and as used by its

1  predecessor-in-interest. Thus, the Supplemental Registration No. 1,786,350 for
2  "E-FAX" mark is invalid.
3      25.  A Notice of Acceptance of Renewal issued on November 7, 2003.
4  The Notice of Acceptance of Renewal is void ab initio because the Combined
5  Application for Renewal of Registration and Section 8 Declaration did not meet
6  the requirement that the Mark on the drawing be a substantially exact
7  representation of the mark as used on or in connection with the goods and/or
8  services, as shown by the specimen. 37 C.F.R. §2.51(b); TMEP §807.12(a); *see*
9  37 C.F.R. §2.72(b). The specimen displayed the mark as "eFax" without a hyphen
10 despite the registration being for "E-FAX" with a hyphen.
11     26.  J2 Global's alleged Supplemental Registration No. 1,786,350 for the
12 Mark "E-Fax" also forms the basis upon which it currently seeks registration on
13 the Principal Register for "E-FAX." Application Serial No. 75/656,348 for the
14 Mark "E-FAX" was filed by E-Fax Communications, Inc. on March 4, 1999 for
15 use in connection with "electronic information receipt and distribution services,
16 electronic transmission services in the nature of a facsimile mail service, a
17 facsimile broadcasting service, a facsimile response bulletin board, and a public
18 facsimile network" in International Class 038. The mark was assigned to
19 EFAX.COM, Inc. on August 16, 1999. On June 12, 2000, the Examining
20 Attorney issued an Office Action refusing registration of "E-FAX" because it was
21 merely descriptive and was likely to cause confusion with then-pending
22 Application Serial No. 75/611,475 for DON'T FAX, E-F@X IT!. Thereafter,
23 following abandonment of the DON'T FAX, E-F@X IT! Application, on January
24 17, 2007, the Examining Attorney approved the "E-FAX" mark for publication on
25 the Principal Register for March 13, 2007.
26     27.  Application Serial No. 75/656,348 is currently the subject of an
27 Opposition Proceeding (No. 91177255) at the Trial & Appeal Board of the
28 USPTO, a fact which j2 Global and Call Science failed to mention to this Court in

their Complaint. In fact, it has been consolidated with Opposition Nos. 91166044 ("EFAX") and 91176290 ("EFAXCORPORATE"), with the "parent" case being Opposition No. 91166044, since they all raise the same or related questions of law and fact amongst the same parties, Protus IP Solutions Inc. and j2 Global Communications Inc. and EFAX.COM, Inc. The above-referenced oppositions state numerous objections to the "E-FAX" mark in its various forms including, but not limited to, (a) the mark 'e-fax' is generic and descriptive of internet fax services (b) j2 Global has failed to establish acquired distinctiveness and (c) j2Global has admitted by its numerous filings on the Supplemental Register for various of 'e-fax' that it is merely descriptive on internet fax services.

**2. Application Serial No. 76/524,244 for "EFAX" and Other USPTO Filings Containing "EFAX"**

28. Defendant j2 Global filed Application Serial No. 76/524,244 for "EFAX" on May 12, 2003 for use in connection with "Electronic transmission of facsimile communications and data; wireless facsimile mail services; facsimile transmission and retrieval services; providing on-line electronic bulletin boards for transmission of messages among users concerning facsimile responses" in International Class 038. As noted above, "EFAX" is currently the subject of an Opposition Proceedings at the Trial & Appeal Board of the USPTO (Opposition No. 91166044).

29. Defendant's own description, namely "**electronic** transmission of **facsimile** communications and data" (emphasis added) evidence the generic or merely descriptive nature of "EFAX."

30. Defendant j2 Global also relies upon five additional registrations with the USPTO containing the term EFAX, including: EFAX PLUS (Registration No. 2,682,802), EFAX CORPORATE (Supplemental Registration No. 2,644,821), EFAX SEND (Supplemental Registration No. 2,541,937), EFAX

MESSENGER (Supplemental Registration No. 2530979), and EFAX FREE (Supplemental Registration No. 2728333).

31. EFAX PLUS, which is owned by eFax.com, Inc., was filed on October 11, 2001 for use in connection with "communications services, namely transmission of facsimiles and other electronic files over a global computer information network" in International Class 038. It was registered on the Principal Register on February 4, 2003, with the term "EFAX" disclaimed.

32. EFAX CORPORATE, which is owned by eFax.com, Inc., was filed on October 11, 2001 for use in connection with "communications services, namely transmission of facsimiles and other electronic files over a global computer information network" in International Class 038. It was registered on the Supplemental Register on October 29, 2002, with the term "EFAX" disclaimed as descriptive.

33. EFAX SEND, which is owned by eFax.com, Inc., was filed on July 17, 2000 for use in connection with "communications services, namely transmission of facsimiles and other electronic files over a global computer information network" in International Class 038. It was registered on the Supplemental Register on February 19, 2002. On November 21, 2008, the registration for EFAX SEND with the USPTO was cancelled. As such, J2 Global may not avail itself of any of the benefits of a supplemental registration for EFAX SEND.

34. EFAX MESSENGER was filed by eFax.com, Inc. on July 17, 2000 for use in connection with "Downloadable computer software for use in facilitating electronic communications, namely transmission of documents, audio text and/or images via email" in International Class 038. It was registered on the Supplemental Register on January 15, 2002. On July 15, 2008, it was allegedly assigned to j2 Global.

35. EFAX FREE, which is owned by eFax.com, was filed on October 11, 2001 for use in connection with "communications services, namely transmission of facsimiles and other electronic files over a global computer information network" in International Class 038. It was registered on the Supplemental Register on June 17, 2003, with the term "EFAX" disclaimed as descriptive.

36. Based upon the prosecution of these applications it is clear that the Trademark Office views the term EFAX as generic and/or merely descriptive.

37. The placement of all of the marks referenced in Paragraph 31, save EFAX PLUS, on the Supplemental Register also evidences that the marks are generic and/or merely descriptive without having acquired distinctiveness.

**C. Widespread Third Party Use of "EFAX" Evidences its Generic and/or Merely Descriptive Nature**

38. j2 Global and Call Science are attempting to appropriate a generic and/or merely descriptive term for their exclusive use and so prevent others, including Counter-Plaintiffs, from accurately describing a characteristic of concerning internet fax services.

39. There is widespread third party use of "EFAX" in the marketplace.

40. "EFAX" is commonly understood amongst the purchasing public to mean electronic facsimile and/or internet facsimile.

41. Upon information and belief, Counter-Defendants have failed to enforce the marks against other third party uses, and as a result, genericide has occurred.

## DECLARATORY JUDGMENT
### Lanham Act

42. Counter-Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this document.

43. There is a real and actual controversy between Counter-Plaintiffs and Counter-Defendants regarding whether "EFAX" is generic and/or merely

descriptive so as to prevent j2 Global and Call Science from lawfully owning exclusive rights in the mark.

44. Absent a resolution of this matter, Counter-Plaintiffs will be uncertain as to whether their actions, including any use of "EFAX," expose them to liability.

45. Counter-Plaintiffs have no other prompt and expeditious remedy to protect its interests.

46. Upon information and belief, Counter-Defendants do not own valid registrations for the service mark for "EFAX" or the "EFAX" service mark claimed by Counter-Defendants is not protectable under the Lanham Act.

47. Counter-Plaintiffs' use of "EFAX" on its website or as part of its keyword advertisements does not violate the Lanham Act and is otherwise lawful.

48. Counter-Plaintiffs' use of "EFAX" is in a generic or merely descriptive manner and is not likely to cause confusion as to the origin of any goods or services.

49. Counter-Plaintiffs are entitled to declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that j2 Global's "EFAX" mark is generic or merely descriptive and therefore not entitled to protection under the Lanham Act.

50. Counter-Plaintiffs are entitled to declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the complained of actions do not constitute infringement of Counter-Defendants' alleged service marks.

## DECLARATORY JUDGMENT
## Trademark Fair Use 15 U.S.C. § 1115

51. Counter-Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this document.

52. There is a real and actual controversy between Counter-Plaintiffs and Counter-Defendants regarding whether Zilker and ChooseWhat's use of "EFAX" constitutes infringement of a trademark or service mark Counter-Plaintiffs lawfully own.

53. Absent a resolution of this matter, Counter-Plaintiffs will be uncertain as to whether their actions, including any use of "EFAX," expose them to liability.

54. Counter-Plaintiffs have no other prompt and expeditious remedy to protect their interests.

55. The use of "EFAX" on its websites and keyword advertisements is not commercial.

56. The use of "EFAX" on its websites and keyword advertisements is in good faith.

57. The use of "EFAX" on its websites and keyword advertisements is a non-trademark use.

58. The use of Counter-Defendants' alleged marks, including "EFAX," on its websites is for purposes of comment and criticism.

59. The use of Counter-Defendants' alleged marks on its website is nominative and is used to identify and describe the subject matter of the website, namely the comparing of internet fax service providers and their products.

60. The use of the Counter-Defendants' alleged marks on its websites neither implicates the source identification function of any disputed mark nor implies sponsorship or endorsement by the mark holder.

61. Referring to "EFAX" or Counter-Defendants or related products in a permissible nominative manner without creating a likelihood of confusion. Any use of "EFAX" on its website or in its keyword-triggered advertisements is consistent with the requirements for nominative fair use set forth in *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302 (9th Cir. 1992).

62. Counter-Plaintiffs are entitled to declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the use of "EFAX" is a fair use and therefore not infringement.

## PRAYER FOR RELIEF

WHEREFORE, the Counter-Plaintiffs pray for judgment as follows:

a. An order dismissing j2 Global and Call Science's Complaint with prejudice;

b. Declaring the Supplemental Registration No. 1,786,350 for "E-FAX" mark is void ab initio because the specimen submitted showing the mark as used on or in connection with the goods and/or services was not a substantially exact representation of the drawing, invalid because it was the subject of a invalid assignment, or invalid because j2 Global does not use the mark in connection with all of the services enumerated in the registration.

c. Declaring that the word "EFAX," or any confusingly similar variation, including without limitation, "E-FAX," is generic or merely descriptive;

d. Declaring that j2 Global is not the owner of a distinctive mark, as defined in the Lanham Act;

e. Declaring j2 Global's registrations on the Supplemental Register is an admission that the "EFAX" mark is at least merely descriptive;

f. Declaring Counter-Defendants' alleged marks are invalid, unenforceable, and should be canceled;

g. Acknowledging that EFAX SEND (Supplemental Registration No. 2,541,937) is Cancelled and acknowledging that it provides no benefit to Counter-Defendants;

h. Declaring Counter-Defendants have no exclusive rights to "EFAX," consistent with the required disclaimers in its filings and registrations with the Supplemental and Principal Registers of the USPTO;

i. Declaring that Counter-Plaintiffs do not infringe any trademark or service mark that Counter-Defendants lawfully own;

j. Declaring that the extensive third party use of "EFAX" in the marketplace has resulted in genericide and/or eliminated any exclusive rights Counter-Defendants may claim in "EFAX";

k. Declaring Counter-Plaintiff Zilker's' use of "EFAX" is fair use and/or non-trademark use;

l. Recovery from Counter-Plaintiffs of all costs and attorney's fees incurred; and

m. For all other relief that is just and proper.

## RELIANCE ON JURY DEMAND

Defendants respectfully demands trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

Respectfully submitted,

TRAVERSE LEGAL, PLC

Dated: December 19, 2008

/Ronald G. Gabler, Esq. (SBN. 57061)
Arg1211@aol.com
Of Counsel for TRAVERSE LEGAL, PLC
16830 Ventura Boulevard, Suite 358
Encino, California 91436-1707
Tel: (818) 783-2932
Fax: (818) 783-3257

*Attorneys for Defendants Zilker Ventures, LLC and ChooseWhat.com, LLC*

h. Declaring Counter-Defendants have no exclusive rights to "EFAX," consistent with the required disclaimers in its filings and registrations with the Supplemental and Principal Registers of the USPTO;

i. Declaring that Counter-Plaintiffs do not infringe any trademark or service mark that Counter-Defendants lawfully own;

j. Declaring that the extensive third party use of "EFAX" in the marketplace has resulted in genericide and/or eliminated any exclusive rights Counter-Defendants may claim in "EFAX";

k. Declaring Counter-Plaintiff Zilker's' use of "EFAX" is fair use and/or non-trademark use;

l. Recovery from Counter-Plaintiffs of all costs and attorney's fees incurred; and

m. For all other relief that is just and proper.

## RELIANCE ON JURY DEMAND

Defendants respectfully demands trial by jury pursuant to Fed. R. Civ. P. 38(b) for all issues so triable.

Respectfully submitted,

TRAVERSE LEGAL, PLC

Dated: December 19, 2008

_____
Ronald G. Gabler, Esq. (SBN. 57061)
Arg1211@aol.com
Of Counsel for TRAVERSE LEGAL, PLC
16830 Ventura Boulevard, Suite 358
Encino, California 91436-1707
Tel: (818) 783-2932
Fax: (818) 783-3257

*Attorneys for Defendants Zilker Ventures, LLC and ChooseWhat.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2008, I served the original of the foregoing Counterclaim for Declaratory Judgment upon the Clerk of the Court by overnight express service and a copy of the foregoing Counterclaim for Declaratory Judgment by first class mail to Robert A. Sacks, Sullivan & Cromwell LLP at 1888 Century Park East, Suite 2100, Los Angeles, California 90067-1725 and to Kristen I. Spano, Miller, Canfield, Paddock and Stone, P.L.C. at 150 West Jefferson, Suite 2500, Detroit, Michigan 48226.

Enrico Schaefer (Michigan Bar #P43506)
Enrico.Schaefer@traverselegal.com
TRAVERSE LEGAL, PLC
810 Cottageview Drive, G-20
Traverse City, MI 49684
Tel: (231) 932-0411
Fax: (231) 932-0636

*Attorneys for Defendants Zilker Ventures, LLC and ChooseWhat.com, LLC*