Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

Richard A. Gaffin (*Pro Hac Vice* Application Pending)
gaffin@millercanfield.com
A. Michael Palizzi (*Pro Hac Vice* Application Pending)
palizzi@millercanfield.com
Frederick R. Juckniess (SBN 210454)
juckniess@millercanfield.com
Kristen I. Spano (*Pro Hac Vice* Application Pending)
spano@millercanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Tel.:  (313) 963-6420
Fax:  (408) 496-7500

*Attorneys for Plaintiffs j2 Global Communications, Inc., and Call Sciences, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., A DELAWARE CORPORATION AND CALL SCIENCES, INC., A DELAWARE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>ZILKER VENTURES, LLC, A TEXAS LIMITED LIABILITY COMPANY AND CHOOSEWHAT.COM, LLC, A TEXAS LIMITED LIABILITY COMPANY,<br><br>Defendants. | Case No. 2:08-cv-07470 SJO (AJWx)<br><br>**ANSWER TO COUNTERCLAIM FOR DECLARATORY JUDGMENT AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |

# ANSWER TO COUNTERCLAIM

Plaintiffs/Counter-Defendants j2 Global Communications, Inc. and Call Sciences, Inc., respond to Zilker Ventures, LLC and ChooseWhat.com, LLC's Counterclaim for Declaratory Judgment as follows:

## THE PARTIES

1. Plaintiffs/Counter-Defendants admit the allegations in Paragraph 1.

2. Plaintiffs/Counter-Defendants admit the allegations in Paragraph 2.

3. Plaintiffs/Counter-Defendants admit the allegations of Paragraph 3.

4. Plaintiffs/Counter-Defendants admit the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 5 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 5 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

6. Plaintiffs/Counter-Defendants admit the allegations in Paragraph 6.

7. Plaintiffs/Counter-Defendants admit the allegations in Paragraph 7.

8. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 8 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 8 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

9. Plaintiffs/Counter-Defendants admit that they filed a Complaint in Civil Action No. 2:08-cv-07470-SJO (AJW) and deny the allegations in Paragraph 9 inconsistent therewith.

## GENERAL ALLEGATIONS

10. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 10 because they are without sufficient information upon which to form a belief as to the truth thereof, and leave Counter-Plaintiff to its proofs.

11. Plaintiffs/Counter-Defendants admit that they filed a Complaint in the above-captioned action and deny the allegations in Paragraph 11 inconsistent therewith.

12. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 12 because they are without sufficient information upon which to form a belief as to the truth thereof, and leave Counter-Plaintiff to its proofs.

13. Plaintiffs/Counter-Defendants admit that Zilker uses EFAX to refer to j2 Global and its products and services, and that Zilker uses EFAX as a keyword and in online advertisements. Plaintiffs/Counter-Defendants deny that consumers commonly recognize EFAX as an abbreviation for electronic facsimile. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 13 because they are without sufficient information upon which to form a belief as to the truth thereof, and leave Counter-Plaintiff to its proofs.

14. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 14 because they are without sufficient information upon which to form a belief as to the truth thereof, and leave Counter-Plaintiff to its proofs.

15. Plaintiffs/Counter-Defendants deny that the EFAX mark is used in a generic or descriptive sense by internet users to signify "electronic fax" or

1  "electronic facsimile."  Plaintiffs/Counter-Defendants neither admit nor deny the
2  remaining allegations in Paragraph 15 because they are without sufficient
3  information upon which to form a belief as to the truth thereof, and leave Counter-
4  Plaintiff to its proofs.
5        16.    Plaintiffs/Counter-Defendants deny that the EFAX mark is
6  generic or descriptive.  Plaintiffs/Counter-Defendants neither admit nor deny the
7  remaining allegations in Paragraph 16 because they are without sufficient
8  information upon which to form a belief as to the truth thereof, and leave Counter-
9  Plaintiff to its proofs.
10        17.    Plaintiffs/Counter-Defendants admit that they filed the above
11  captioned complaint on November 12, 2008 and deny any allegations in Paragraph
12  17 inconsistent therewith.
13        18.    Plaintiffs/Counter-Defendants admit that they filed the above
14  captioned complaint on November 12, 2008 and deny any allegations in Paragraph
15  18 inconsistent therewith.
16        19.    Plaintiffs/Counter-Defendants admit that they filed the above
17  captioned complaint and deny any allegations in Paragraph 19 inconsistent
18  therewith.
19        20.    Plaintiffs/Counter-Defendants admit that they filed the above
20  captioned complaint and that they made several filings with the United States
21  Patent and Trademark Office, and they deny any allegations in Paragraph 20
22  inconsistent therewith.  Plaintiffs/Counter-Defendants deny the remaining
23  allegations in Paragraph 20.
24        21.    Plaintiffs/Counter-Defendants admit that they filed the above
25  captioned Complaint and that Registration No. 1,786,350 is registered on the
26  Supplemental Register, and they deny any allegations in Paragraph 21 inconsistent
27  with the Complaint and/or the status of or information contained in Registration
28  No. 1,786,350.

22. Plaintiffs/Counter-Defendants admit that Registration No. 1,786,350 is registered on the Supplemental Register, and they deny any allegations in Paragraph 22 inconsistent with the status of or information contained in Registration No. 1,786,350. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 22 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 22 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

23. Plaintiffs/Counter-Defendants admit that Registration No. 1,786,350 was assigned to EFAX.COM, Inc. on or about April 14, 1999. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 23 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 23 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

24. Plaintiffs/Counter-Defendants deny that Registration No. 1,786,350 is invalid. j2 Global admits that Registration No. 1,786,350 is on the Supplemental Register, that a Combined Application for Renewal of Registration and Section 8 Declaration was timely filed and accepted by the United States Patent and Trademark Office for Registration No. 1,786,350, and they deny any allegations in Paragraph 24 inconsistent with the status of or information contained in Registration No. 1,786,350. Plaintiffs/Counter-Defendants deny the remaining allegations in Paragraph 24.

25. Plaintiffs/Counter-Defendants admit that a Notice of Acceptance of Renewal issued on November 7, 2003 for Registration No. 1,786,350 and deny any allegations in Paragraph 25 inconsistent with the status of or information contained in Registration No. 1,786,350. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 25 because they state legal conclusions for which no answer is required. To the extent

1  that the allegations in Paragraph 25 do not state a legal conclusion,
2  Plaintiffs/Counter-Defendants deny them.
3       26.   Plaintiffs/Counter-Defendants admit that Registration No.
4  1,786,350 is registered on the Supplemental Register, and deny any allegations in
5  Paragraph 26 inconsistent with the status of or information contained in
6  Registration no. 1,786,350.  Plaintiffs/Counter-Defendants further admit that
7  Application Serial No. 75/656,348 for the Mark "E-FAX" was filed by E-Fax
8  Communications, Inc. on or about March 4, 1999, that Application Serial No.
9  75/656,348 was assigned to EFAX.COM, Inc. on or about April 14, 1999, and
10 deny any allegations in Paragraph 26 inconsistent with the status of or information
11 contained in Application Serial No. 75/656,348.  Plaintiffs/Counter-Defendants
12 further admit that on January 17, 2007, after the abandonment of Serial No.
13 75/61,475 and review and acceptance of evidence of acquired distinctiveness of the
14 mark E-FAX, the Examining Attorney approved Application Serial No.
15 75/656,348 for publication on the Principal Register for March 13, 2007.
16 Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in
17 Paragraph 26 because they are without sufficient information upon which to form a
18 belief as to the truth thereof, and leave Counter-Plaintiff to its proofs
19      27.   Plaintiffs/Counter-Defendants deny that the EFAX mark is
20 generic or descriptive of internet fax services.  Plaintiffs/Counter-Defendants admit
21 that Application Serial No. 75/656,348 is currently the subject of an Opposition
22 Proceeding (No. 91177255) which is pending before the Trial & Appeal Board of
23 the USPTO, and that Opposition No 91177255 has been consolidated with
24 Opposition Nos. 91166044 and 91176290.  Plaintiffs/Counter-Defendants deny
25 any allegations in Paragraph 27 that are inconsistent with the TTAB records and
26 pleadings filed in Opposition Proceeding Nos. 91177255, 91166044 and
27 91176290.
28

28. Plaintiffs/Counter-Defendants admit that j2 Global filed Application Serial No. 76/524,244 on or about May 12, 2003, and deny any allegations inconsistent with the status of or information contained in Application Serial No. 76/524,244. Plaintiffs/Counter-Defendants further admit that after j2 Global submitted evidence of acquired distinctiveness of the mark EFAX, the Examining Attorney accepted the evidence and approved the mark for publication, the mark was opposed and is currently the subject of Opposition Proceeding No. 91166044. Plaintiffs/Counter-Defendants deny any allegations in Paragraph 28 that are inconsistent with the TTAB records and pleadings filed in Opposition Proceeding No. 91166044.

29. Plaintiffs/Counter-Defendants deny that the mark EFAX is generic or descriptive. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 29 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 29 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

30. Plaintiffs/Counter-Defendants admit that they own and/or have exclusive rights in additional U.S. Trademark registrations including but not limited to EFAX PLUS (Registration No. 2,682,802), EFAX CORPORATE (Supplemental Registration No. 2,644,821), EFAX SEND (Supplemental Registration No. 2,541,937), EFAX MESSENGER (Supplemental Registration No. 2,530,979), and EFAX FREE (Supplemental Registration No. 2,728,333), and deny any allegations in Paragraph 30 inconsistent with the status of or information contained in Registration Nos. 2,682,802; 2,644,821; 2,541,937; 2,530,979; 2,728,333.

31. Plaintiffs/Counter-Defendants admit that EFAX PLUS is registered on the Principal Register, U.S. Registration No. 2,682,802, and deny any allegations in Paragraph 31 inconsistent with the status of or information contained in Registration No. 2,682,802.

32. Plaintiffs/Counter-Defendants admit that EFAX CORPORATE is registered on the Supplemental Register, U.S. Registration No. 2,644,821, and deny any allegations in Paragraph 32 inconsistent with the status of or information contained in Registration No. 2,644,821.

33. Plaintiffs/Counter-Defendants admit that until November 21, 2008, EFAX SEND was registered on the Supplemental Register, U.S. Registration No. 2,541,937, and deny any allegations in Paragraph 33 inconsistent with the status of or information contained in Registration No. 2,541,937.

34. Plaintiffs/Counter-Defendants admit that EFAX MESSENGER is registered on the Supplemental Register, U.S. Registration No. 2,530,979, and further admit that it was assigned to j2 Global on July 15, 2008. Plaintiffs/Counter-Defendants deny any allegations in Paragraph 34 inconsistent with the status of or information contained in Registration No. 2,530,979.

35. Plaintiffs/Counter-Defendants admit that EFAX FREE is registered on the Supplemental Register, U.S. Registration No. 2,728,333, and deny any allegations in Paragraph 35 inconsistent with the status of or information contained in Registration No. 2,728,333.

36. Plaintiffs/Counter-Defendants deny the allegations in Paragraph 36.

37. Plaintiffs/Counter-Defendants deny that the mark EFAX is "generic and/or merely descriptive without having acquired distinctiveness." Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 37 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 37 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

38. Plaintiffs/Counter-Defendants deny that the mark EFAX is generic or descriptive. Plaintiffs/Counter-Defendants neither admit nor deny the remaining allegations in Paragraph 38 because they state legal conclusions for

1  which no answer is required.  To the extent that the allegations in Paragraph 38 do
2  not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

3        39.    Plaintiffs/Counter-Defendants admit that there is widespread
4  third party use of the EFAX mark in the marketplace to identify j2 Global's
5  internet faxing services.  Plaintiffs/Counter-Defendants deny the remaining
6  allegations in Paragraph 39.

7        40.    Plaintiffs/Counter-Defendants deny the allegations in Paragraph
8  40.

9        41.    Plaintiffs/Counter-Defendants deny that the EFAX mark is
10 generic or descriptive.  Plaintiffs/Counter-Defendants further deny that they have
11 failed to enforce the marks against third party uses.  Plaintiffs/Counter-Defendants
12 neither admit nor deny the remaining allegations in Paragraph 41 because they
13 state legal conclusions for which no answer is required.  To the extent that the
14 allegations in Paragraph 41 do not state a legal conclusion, Plaintiffs/Counter-
15 Defendants deny them.

16       51.    Plaintiffs/Counter-Defendants hereby incorporate by reference
17 and restate their answers to the preceding paragraphs.

18       43.    Plaintiffs/Counter-Defendants deny that the EFAX mark is
19 generic or descriptive and admit that they lawfully own exclusive rights in the
20 EFAX mark.  Plaintiffs/Counter-Defendants neither admit nor deny the remaining
21 allegations in Paragraph 43 because they state legal conclusions for which no
22 answer is required.  To the extent that the allegations in Paragraph 43 do not state a
23 legal conclusion, Plaintiffs/Counter-Defendants deny them.

24       44.    Plaintiffs/Counter-Defendants neither admit nor deny the
25 allegations in Paragraph 44 because they state legal conclusions for which no
26 answer is required.  To the extent that the allegations in Paragraph 44 do not state a
27 legal conclusion, Plaintiffs/Counter-Defendants deny them.

28

1  45.  Plaintiffs/Counter-Defendants deny the allegations in Paragraph 45.

2  46.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 46 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 46 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

47.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 47 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 47 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

48.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 48 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 48 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

49.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 49 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 49 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

50.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 50 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 50 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

51.  Plaintiffs/Counter-Defendants hereby incorporate by reference and restate their answers to Paragraphs 1 through 50.

52.  Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 52 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 52 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

53. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 53 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 53 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

54. Plaintiffs/Counter-Defendants deny the allegations in Paragraph 54.

55. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 55 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 55 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

56. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 56 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 56 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

57. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 57 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 57 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

58. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 58 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 58 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

59. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 59 because they state legal conclusions for which no answer is required. To the extent that the allegations in Paragraph 59 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

60. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 60 because they state legal conclusions for which no

answer is required.  To the extent that the allegations in Paragraph 60 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

61. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 61 because they state legal conclusions for which no answer is required.  To the extent that the allegations in Paragraph 61 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

62. Plaintiffs/Counter-Defendants neither admit nor deny the allegations in Paragraph 62 because they state legal conclusions for which no answer is required.  To the extent that the allegations in Paragraph 62 do not state a legal conclusion, Plaintiffs/Counter-Defendants deny them.

## **AFFIRMATIVE AND OTHER DEFENSES**

Plaintiffs/Counter-Defendants j2 Global Communications, Inc. and Call Sciences, Inc. give notice that they may rely upon the following defenses at trial, if supported by facts to be determined through discovery.  Plaintiffs/Counter-Defendants do not hereby assume the burden of proof that would otherwise rest on Defendants/Counter-Plaintiffs.

## **FIRST AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs have failed to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrines of  waiver, estoppel, acquiescence and/or laches.

## **THIRD AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' claims are barred because it lacks standing and/or authority to bring this lawsuit.

## **FOURTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs cannot recover against Plaintiffs/Counter-Defendants because some or all of Defendants/Counter-

-12-

Plaintiffs' claims are barred by the applicable statutes, or other periods, of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants/Counter-Plaintiffs' claims are barred, in whole or in part, by unclean hands, unfair competition, and anti-competitive behavior.

j2 Global Communications, Inc. and Call Sciences, Inc. reserve the right to amend the foregoing affirmative defenses and add additional affirmative defenses after conducting discovery.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs/Counter-Defendants pray that:

1. This Court dismiss the Counter-Complaint and award them costs, attorney fees, interest and whatever further relief the Court deems appropriate.

Dated: January 21, 2009          Respectfully submitted,


/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Richard A. Gaffin (P31406)
A. Michael Palizzi (P47262)
Frederick R. Juckniess (SBN 210454)
Kristen I. Spano (P603670)
MILLER, CANFIELD, PADDOCK
 AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
(408) 496-7500 facsimile

*Attorneys for Plaintiffs j2 Global Communications, Inc., and Call Sciences, Inc.*

## **JURY DEMAND**

Plaintiffs/Counter-Defendants respectfully demand a jury trial pursuant to Rule 38(b) on all issues so triable.

Dated:  January 21, 2009                           Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Richard A. Gaffin (P31406)
A. Michael Palizzi (P47262)
Frederick R. Juckniess (SBN 210454)
Kristen I. Spano (P603670)
MILLER, CANFIELD, PADDOCK
 AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
(408) 496-7500 facsimile

*Attorneys for Plaintiffs j2 Global Communications, Inc., and Call Sciences, Inc.*