Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

Richard A. Gaffin (*Pro Hac Vice*)
gaffin@millercanfield.com
A. Michael Palizzi  (*Pro Hac Vice*)
palizzi@millercanfield.com
Frederick R. Juckniess (SBN 210454)
juckniess@millercanfield.com
Kristen I. Spano (*Pro Hac Vice*)
spano@millercanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
Tel.:  (313) 963-6420
Fax:  (313) 496-7500

*Attorneys for Plaintiffs j2 Global*
*Communications, Inc., and Call*
*Sciences, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., a Delaware Corporation, and CALL SCIENCES, INC., a Delaware corporation,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>ZILKER VENTURES, LLC, a Texas limited liability company, and CHOOSEWHAT.COM, LLC,<br><br>Defendants/Counter-Plaintiffs. | Case No. 2:08-cv-07470-SJO AJW<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER**<br><br>Date:<br>Time: |

1    I.    Except as otherwise ordered by this Court, this Stipulated Protective

2  Order (hereinafter "Order") shall apply to all documents produced and all

3  discovery responses given or filed in this action both by the parties and by any

4  non-party that produces discovery in this case pursuant to discovery demand,

5  subpoena or agreement.   For purposes of this Order, "document or discovery

6  response" shall include, but not be limited to, documents and tangible things,

7  responses to requests for production of documents or other things, responses to

8  interrogatories, responses to requests for admissions, deposition testimony and

9  exhibits and all copies, extracts, summaries or compilations.

10    A.    This Order does not require production of (a) work product

11         material or information or (b) materials or information covered

12         by the attorney-client or other applicable, state or other,

13         privileges.  Such material may continue to be withheld from

14         discovery by any party, unless the Court orders otherwise.

15    B.    All discovery subject to this Order shall be used solely and

16         exclusively for purposes of this case in accordance with the

17         provisions of this Order.

18    C.    The parties shall serve a copy of this Order simultaneously

19         with any discovery request made to a non-party in this action.

20    II.    Any party or non-party from whom production is sought may

21  designate a document or discovery response as either CONFIDENTIAL or

22  ATTORNEYS' EYES ONLY pursuant to the terms of this Order.

23    A.    CONFIDENTIAL information shall include any discovery

24         material that the producing party or non-party reasonably

25         believes not to be in the public domain and contains any trade

26         secrets or other confidential, strategic, research, development,

27         or commercial information.

28

1

[PROPOSED] PROTECTIVE ORDER

B.   ATTORNEYS' EYES ONLY information shall include any discovery material that the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections, without which the disclosure of the information to another party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

C.   A document or information contained in a document or discovery response given or filed in this case may be designated by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing confidential information or, in the case of electronic discovery, in folders with an appropriate notation substantially in the form: CONFIDENTIAL or ATTORNEYS' EYES ONLY.

   1.   Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall also be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Order.

   2.   In the event deposition testimony concerns matters that a party or non-party deems CONFIDENTIAL or ATTORNEYS' EYES ONLY, the entity seeking such protection may designate that portion of the transcript as such (a) during the course of the deposition (in which

2

case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Order) or (b) by written designation made within fifteen (15) days of receipt of the relevant transcript. The 15-day period is subject to enlargement or extension either by consent of the parties, such consent not to be unreasonably withheld, or by order of the Court. The parties shall treat each deposition transcript as if designated ATTORNEYS' EYES ONLY until the period for the confidentiality designation of such transcript has expired, after which time the parties shall honor all confidentiality designations in such transcript as provided in this Order.

3.    Regardless of the manner in which deposition designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY is initially made, such written designation as is contemplated in paragraph II.C.2.b. hereof shall be accomplished by clearly marking on a copy of that transcript each portion of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information by placing the appropriate legend on the page of each portion of the transcript to be so designated. The marked transcript shall be served on all parties to this action. In any Court filing or written discovery response, a party or non-party shall note on the cover page of the document or discovery response, that all or a portion of the document or discovery

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

response contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information designated pursuant to this Order and shall furnish such information under seal pursuant to paragraph II.G. hereof.

D.   Deposition testimony designated as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be so designated in response to a question, prior to any responsive testimony being given, or thereafter, regardless of whether the non-designating party objects to the designation.  The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion.   In the event that the designation of information precludes a deponent's access to information, the party seeking to utilize such information at the deposition may seek leave of the Court to examine the witness further on the information and related subjects covered by the designation.

E.   At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and those who have access to the appropriate category of information, leave the deposition room during that portion of the deposition.  The failure of such other persons to comply with such a request shall constitute substantial justification for

4

1    counsel to advise the witness that he or she need not answer the

2    question pending.

3    F.    It is the responsibility of counsel for each party of this action to

4    take reasonable precautions to prevent the unauthorized or

5    inadvertent    disclosure    of    any    materials    containing

6    CONFIDENTIAL    or    ATTORNEYS'    EYES    ONLY

7    information obtained from any party or non-party by

8    maintaining the information in a secure and appropriate

9    manner so as to allow access to the information only to such

10    persons as are permitted pursuant to paragraph II.H. hereof.

11
12    G.    To the extent that CONFIDENTIAL or ATTORNEYS' EYES

13    ONLY information is contained in or attached to materials

14    filed with the Court, such materials will be filed under seal.

15    The parties agree to cooperate in ensuring that documents

16    comply with Local Rule 79-5.1 regarding filing documents

17    under seal.    No one other than the Court, its agents and

18    employees, and persons authorized by this Order or any

19    subsequent order of the Court or agreement of the parties, shall

20    have access to such sealed materials.

21    H.    Except with the prior written consent of the party asserting

22    confidential treatment or prior order of the Court, any

23    CONFIDENTIAL or ATTORNEYS' EYES ONLY document

24    or discovery response, and the information contained therein,

25    may not be disclosed other than in accordance with this Order.

26    All persons to whom ATTORNEYS' EYES ONLY or

27    CONFIDENTIAL information is disclosed shall be required to

28

5

[PROPOSED] PROTECTIVE ORDER

abide by the terms of this Order.

1.      ATTORNEYS' EYES ONLY information may only be disclosed to (a) outside counsel of record for the respective parties to this litigation and their paralegal and clerical staff, each of whom shall be required to abide by the terms of this Order, (b) one in-house counsel for each party to be identified by name to the other party, subject to change only because of a change in employment status of the identified in-house counsel, and his or her direct supporting staff. No ATTORNEYS' EYES ONLY information will be disclosed to the officers, directors and employees of a non-designating party other than the identified in-house counsel.

2.      CONFIDENTIAL information may be disclosed to (a) the individuals identified in paragraph II.H.1. hereof and to those officers, directors and employees of any party or producing non-party for purposes of participation and preparation of any claims or defenses to be asserted in the pending action as specified in I.B and II.H.I.

3.      ATTORNEYS' EYES ONLY and CONFIDENTIAL information may be disclosed to (a) expert witnesses, (b) consultants, (c) litigation support services, including outside copying services, (d) court reporters, or (e) companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, engaged by counsel for a party to assist in

6

the prosecution or defense of this action, provided that each such person shall first have read a copy of this Order and manifest his or her intent to assent to its terms by signing a copy of the attached "Acknowledgement Regarding The Stipulated Protective Order" attached hereto.  Each such signed Acknowledgement shall be maintained by the party providing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information to that person and a copy thereof shall be provided to any party to this action and to the producing entity whose CONFIDENTIAL or ATTORNEYS' EYES ONLY information was disclosed pursuant to this paragraph upon request.

4.    ATTORNEYS' EYES ONLY and CONFIDENTIAL information may be disclosed to the Court and Court personnel under such safeguards as provided for in paragraph II.G. hereof.

5.    CONFIDENTIAL information may be disclosed to non-party witnesses and their counsel of record only to the extent that such information was written by, or to, such witness, or where counsel believes in good faith that the witness knows or should know of the existence and content of such information.   (Only applies to CONFIDENTIAL information, not ATTORNEYS' EYES ONLY information).

6.    CONFIDENTIAL information may be disclosed to deposition witnesses, including current or former

[PROPOSED]  PROTECTIVE ORDER

employees, officers or directors of a party or non-party, reasonably believed to have relevant information regarding the CONFIDENTIAL information. (Only applies to CONFIDENTIAL information, not ATTORNEYS' EYES ONLY information).

7.    CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed to any other person as to whom the party or non-party producing the information has consented to disclosure in advance and in writing, on notice to each party hereto.  Such consent shall not be unreasonably withheld.

I.    No recipient of CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

J.    Nothing in this Order shall preclude any party to this lawsuit or its counsel:   (a) from showing any CONFIDENTIAL or ATTORNEYS' EYES ONLY document or discovery response to an individual who either prepared, authored, or received the document or discovery response prior to the filing of this action; (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that that party itself has designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY; or (c) from disclosing or using, in any manner or for any purpose, any information or

8

documents obtained legally from a source not governed by this Order.

K. A party disclosing CONFIDENTIAL information to a person described in paragraph II.H.2.-3., 5.-7. hereof must first: (i) advise the recipient that the information is CONFIDENTIAL and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute the Acknowledgment Regarding The Stipulated Protective Order attached hereto.

L. In the event that a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information, receives a subpoena or other compulsory process for any such CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information from any court or local, state, or federal government entity, the receiving party shall provide notice of the subpoena in writing to the party that produced the information within 24 hours of receipt of such process. The notice will set forth the information subpoenaed, the person requesting the subpoenaed information, and attach a copy of the subpoena or other process. The purpose of the notice is to provide an opportunity for the party that had produced and designated the CONFIDENTIAL or ATTORNEYS' EYES ONLY information to challenge the subpoena or other process. Any such subpoenaed information will not be turned over before the expiration of ten (10) days following service of this notice or resolution of the judicial challenge to said subpoena or other process, whichever is later.

[PROPOSED] PROTECTIVE ORDER

III.   Any party who wishes to challenge another party's designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY may proceed as follows:

A.   Any party receiving any information or documents that have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may object in writing to such designation (and to a non-party if that is the designating entity), and identify the desired de-designation by specifying the information or material that the challenging party contends was improperly designated. The designating party (or any other interested party) shall then have ten (10) days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties. (The 10-day period in which to respond is subject to enlargement or extension by either consent of the challenging party, such consent not to be unreasonably withheld, or the Court.)   Absent a timely rejection of the desired de-designation, the information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation.  If such objection cannot be resolved, in good faith, by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation.

B.   The objecting party's motion shall:

1.   certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

2.   list by document number, deposition page and line number, or other appropriate designation of material

10

[PROPOSED] PROTECTIVE ORDER

lacking bates numbers, the information that the party claims was improperly designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

C.     The burden of establishing the factual and legal basis for CONFIDENTIAL or ATTORNEY'S EYES ONLY treatment of any information rests with the party requesting such confidentiality.

D.     If such motion is timely made as provided in paragraph III hereto, until the motion is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

IV.     Disclosure by the producing party or non-party of CONFIDENTIAL or ATTORNEYS' EYES ONLY information without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.  Upon learning of the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information without proper designation, the party or non-party seeking protection of the information shall, within ten (10) days, properly designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation, that occurred prior to notification of such later designation.

V.     Nothing contained in this Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for

11

[PROPOSED] PROTECTIVE ORDER

admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure.  Nothing in this Order shall constitute an admission or waiver, in whole or in part, of any claim, privilege, or defense by any party or producing entity.  If a producing party or non-party inadvertently produces privileged material, upon learning of the inadvertent disclosure, it shall promptly so notify in writing those persons to whom it produced that material.  Upon receipt of such notification, the receiving persons shall immediately return to the producing party or non-party all copies of such material in its possession and shall immediately delete all electronic copies of such material.  The receiving persons shall also immediately inform any person to whom disclosure of such material was made pursuant to paragraph II.H. hereof of the inadvertent disclosure, and shall request that each such person immediately destroy and/or delete all copies of such material within its possession and shall expunge from any other document or material information solely derived from the inadvertently produced information except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party.  If a person who receives CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to paragraph II.H.1.-3., 5.-7. hereof realizes that any of that information is subject to the attorney-client, work-product, or other privilege, that person shall promptly notify the producing party, return to it the privileged information, delete all electronic copies of such information, and shall expunge from any other document or material information solely derived from the inadvertently produced privileged information except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party.  Those persons shall also immediately inform any other person to whom disclosure of such material was made pursuant to paragraph II.H.

[PROPOSED] PROTECTIVE ORDER

1  hereof, and shall request that each such person immediately destroy and/or delete
2  all copies of such material within its possession.

3       VI.    Any party shall be free to move to modify this Order.

4       VII.   A failure to challenge the propriety of a designation of confidentiality
5  at the time the designation is made shall not preclude or detract from a subsequent
6  challenge thereto.

7       VIII.  All materials containing CONFIDENTIAL or ATTORNEYS' EYES
8  ONLY information that are submitted to the Court or used in any pretrial
9  proceeding before this Court shall continue to be entitled to the protection
10  provided by this Order.

11       IX.    Each person who receives CONFIDENTIAL or ATTORNEYS'
12  EYES ONLY information hereby agrees to subject himself or herself to the
13  jurisdiction of this Court for the purpose of any proceedings relating to the
14  performance under, compliance with, or violation of, this Order.  Furthermore, the
15  parties agree that, to the extent a non-party produces documents pursuant to
16  subpoena served in a jurisdiction other than the Central District of California and
17  designates those documents under the provisions of this order, the parties consent
18  to any challenge or enforcement of the Order in the jurisdiction under which the
19  documents were originally produced.

20       X.    Promptly upon the conclusion of this action, all CONFIDENTIAL
21  and ATTORNEYS' EYES ONLY information of any type, all copies thereof, and
22  all excerpts therefrom shall be returned to counsel for the party or non-party
23  producing the documents, or destroyed, at the producing entity's option.

24       XI.   After termination of this litigation, the provisions of this Order shall
25  continue to be binding, except with respect to those documents and information
26  that become a matter of public record.  This Court retains and shall have
27  jurisdiction over the parties and recipients of CONFIDENTIAL or ATTORNEYS'

28

[PROPOSED] PROTECTIVE ORDER

EYES ONLY information of any type for enforcement of the provisions of this Order following termination of this litigation.

XII.    A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court as within or authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

XIII. This Order shall have no effect on whether a document or information is discoverable.  Any agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a party or non-party: (a) is entitled to any confidentiality; (b) is competent, relevant, or material; (c) is subject to discovery; or (d) is admissible as evidence in this case. Designation of any information subject to this Order shall have no meaning or effect with respect to the substantive issues in this proceeding for the claims or defenses of any party hereto.

XIV.  This Order is binding on the parties immediately upon execution.

Dated:  9.4.2009

Hon. Andrew J. Wistrich
United States Magistrate Judge

14